

ORDERED in the Southern District of Florida on July 23, 2012.

Robert A. Mark, Judge
United States Bankruptcy Court
_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

| | |
|---|---|
| **In re:** | **Chapter 11 Cases** |
| **MAGUIRE GROUP HOLDINGS, INC.,** *et al.*,[1] | Case No. 11-39347-BKC-RAM (Jointly Administered) |
| **Debtors.** _____/ | |

**ORDER (I) DENYING, AS MOOT, DEBTORS' ASSUMPTION OF AMENDED AND RESTATED OPERATING AGREEMENT OF 200 MAIN STREET ASSOCIATES, LLC AND (II) APPROVING SETTLEMENT BETWEEN AND AMONG THE DEBTORS, NEWSTONE, LLC, 200 MAIN STREET ASSOCIATES, LLC AND CAPSTONE PROPERTIES, INC.**

**THIS MATTER** came before the Court on the 11th day of July, 2012 at 2:00 p.m. in Miami, Florida (the "Hearing")[2] to consider confirmation of the *Plan Proponents' Third*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: (i) Maguire Group Holdings, Inc. (3582); (ii) The Maguire Corporation (0930); (iii) Maguire Group Inc. (8211); (iv) East Atlantic Casualty Company, Ltd. (7441); and (v) Maguire Group, Architects, Engineers, Planners, Ltd. (1520). The address for all of the Debtors is 13940 S.W. 136th Street, Suite 100, Miami, Florida 33186.

[2] Any term not explicitly defined herein shall have the meaning ascribed to it in the Plan.

4454699-5

*Amended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code*, dated April 12, 2012, As Amended [D.E. No. 300],[3] and all amendments, modifications, and supplements thereto (collectively, as amended, the "Plan") filed by Maguire Group Holdings, Inc. ("Maguire Holdings"), The Maguire Corporation ("Maguire Corp."), Maguire Group Inc. ("MGI"), East Atlantic Casualty Company, Ltd. ("East Atlantic"), and Maguire Group, Architects, Engineers, Planners, Ltd. ("Maguire AEP", and together with Maguire Holdings, Maguire Corp., MGI, and East Atlantic, collectively, the "Debtors" or "Debtors in Possession") and Carlos Duart ("Duart", together with the Debtors, the "Plan Proponents"); and whereas Newstone LLC ("Newstone") and 200 Main Street Associates, LLC ("200 Main"), through Capstone Properties, Inc. ("Capstone" and together with Newstone and 200 Main, collectively, the "200 Main Objectors") filed the following pleadings in opposition to confirmation of the Plan (i) *Objection to Confirmation of Debtor's Third Amended Plan (and Supplement) Filed by Newstone LLC, and 200 Main Street Associates LLC, Through Capstone Properties, Inc., as Manager of 200 Main Street Associates, LLC* [D.E. No. 479] (the "200 Main Original Objection") and (ii) *Renewed and Amended Objection to Confirmation and Motion to Designate Votes* [D.E. No. 648] (the "200 Main Amended Objection" and together with the 200 Main Original Objection, collectively, the "200 Main Objection"); and whereas the Debtors and the 200 Main Objectors negotiated a settlement which counsel for the Debtors and the 200 Main Objectors announced at the Hearing, as amended herein (the "Settlement");[4] and the

---

[3] The references in this Order to "D.E. No." mean the docket entry numbers in the above-referenced chapter 11 cases.

[4] See Transcript of Hearing at pp. 113-119.

4454699-5

Court, having considered the Settlement, finds that: (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157; (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the announcement of the Settlement at the Hearing was proper and sufficient notice under the circumstances and no other or further notice is necessary; (v) the relief requested in the Settlement is in the best interests of the Debtors, their estates and creditors; and (vi) the Court having determined that good cause appearing and for the reasons stated on the record, the Court finds and determines as follows:

## **RECITALS**

A.  Newstone and MGI (one of the Debtors in the above-captioned chapter 11 cases) entered into a certain *Amended and Restated Operating Agreement of 200 Main Street Associates, LLC*, dated December 19, 1995 (the "Operating Agreement").

B.  Pursuant to the Operating Agreement, Newstone and MGI each hold a fifty (50%) percent membership interest in 200 Main.  See Operating Agreement, Exh. A.

C.  200 Main owns a commercial property located at 200 Main Street, New Britain, Connecticut (the "Property").  See Operating Agreement, § 2.3(a).

D.  Pursuant to the Operating Agreement, (i) Capstone (an entity which is affiliated with Newstone) was appointed as the manager of the Property, and (ii) 200 Main and Capstone entered into a Management Agreement that set forth certain rights

4454699-5

Case 11-39347-RAM    Doc 698    Filed 07/24/12    Page 4 of 7

**CASE NO. No. 11-39347-RAM**
Order Denying Assumption of Operating Agreement as Moot and Approving Settlement
Page 4 of 7

and obligations of Capstone, in its capacity as manager of the Property.  See Operating Agreement, §§ 3.1, 3.4.

E. On October 24, 2011 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

F. On February 27, 2012, 200 Main, Newstone and Capstone each filed identical proofs of claim asserting non-priority, general unsecured claims against MGI for "breach of lease" totaling $333,514.79 "plus interest, costs, fees and attorney fees". See Proof of Claim No. 163 (filed by 200 Main), Proof of Claim No. 164 (filed by Capstone) and Proof of Claim No. 165 (filed by Newstone) (collectively, the "Proofs of Claim").

G. The amounts asserted in the Proofs of Claim allegedly arose from unpaid rent and other expenses (the "Pre-Petition Rent Claim") related to a certain *Second Amendment to Lease*, dated June 21, 2004 (the "Second Amendment to Lease") entered into by MGI and 200 Main whereby MGI leased from 200 Main certain space at the Property.  The term of the Second Amendment to Lease expired on June 30, 2011.

H. On May 16, 2012, the Debtors filed an objection to the three Proofs of Claim [D.E. No. 320].  In the Debtors' objection, the Debtors stated that the claims reflected in the Proofs of Claim are not reflected on the books and records of the Debtors and should be stricken and disallowed in their entirety.  On May 9, 2012, the 200 Main Objectors filed a response to the Debtors' objection [D.E. No. 401].

I.  On May 4, 2012, the 200 Main Objectors filed an *Application for Payment of Administrative Claim* [D.E. No. 381] (the "Application") requesting approval of an administrative expense claim totaling $15,629.00.  On June 4, 2012, the Debtors filed an objection to the Application [D.E. No. 545].  On June 14, 2012, the Court entered an order granting Capstone an administrative expense claim in the amount of $7,814.50 [D.E. No. 584] (the "Administrative Expense Claim"), in full satisfaction of any postpetition obligations of MGI under the Operating Agreement through April 30, 2012, and the Reorganized Debtors shall pay the Administrative Expense Claim to Capstone on or near the Effective Date of the Plan.

J.  On May 9, 2012, the 200 Main Objectors filed a *Motion for Temporary Allowance of Claims* [D.E. No. 402] (the "Estimation Motion") requesting the Court to estimate, for purposes of voting on the Plan, the amount of the 200 Main Objectors' general unsecured claim in the amount of $333,514.79.  On June 4, 2012, the Debtors filed an objection to the Estimation Motion [D.E. No. 545].  On June 13, 2012, the Court entered an order estimating the claim of 200 Main for voting and confirmation purposes in the amount of $333,514.79.

K.  On July 8, 2012, the Debtors filed the Plan Supplement [D.E. No. 664] in which the Debtors indicated an intent to assume, as a part of the Plan confirmation process and pursuant to section 365 of the Bankruptcy Code, the Operating Agreement.

L.  Pursuant to the Settlement, Newstone and MGI have agreed, among other things, that the Operating Agreement is not an executory contract capable of assumption or rejection pursuant to section 365 of the Bankruptcy Code, and therefore,

the Debtors' intention to assume the Operating Agreement is moot, and (ii) the respective rights and obligations of Newstone and MGI under the Operating Agreement, including, but not limited to their respective rights and obligations with respect to the Property, are preserved.

M. In consideration of the foregoing Recitals (which are incorporated herein by reference) and the Settlement between the Debtors and the 200 Main Objectors, which the Court finds and determines to be fair and equitable and in the best interest of the Debtors, the Debtors' estates and the 200 Main Objectors, it is

**ORDERED AND ADJUDGED** as follows:

1. The Operating Agreement is not an executory contract capable of assumption or rejection pursuant to section 365 of the Bankruptcy Code, and therefore, the Debtors' intention to assume the Operating Agreement is moot.

2. The respective rights and obligations of Newstone and MGI under the Operating Agreement, including, but not limited to their respective rights and obligations with respect to the Property, are preserved.

3. Pursuant to the Settlement, the Proof of Claim filed by 200 Main (Proof of Claim No. 163) shall be allowed as a general unsecured claim in Class 5 of the Plan in the amount of $333,514.79 for all purposes, including distributions under the Plan (the "<u>Allowed Class 5 Claim</u>"), in full satisfaction of any prepetition obligations of MGI related to the Property.

4. The Proofs of Claim filed by Capstone (Proof of Claim No. 164) and Newstone (Proof of Claim no. 165) are stricken and disallowed in their entirety.

4454699-5

Case 11-39347-RAM    Doc 698    Filed 07/24/12    Page 7 of 7

**CASE NO. No. 11-39347-RAM**
Order Denying Assumption of Operating Agreement as Moot and Approving Settlement
Page 7 of 7

5. In the event that, pursuant to the terms of the Operating Agreement, it is determined that a distribution from 200 Main is to be made to Newstone and MGI (and regardless of the genesis of the distribution, whether it be a sale of the Property, improved revenue, or otherwise), the initial $100,000 of such distribution shall be made by 200 Main to Newstone (the "Settlement Distribution"), after which all other distributions will be made in accordance with the terms of the Operating Agreement.

6. Nothing in this Order is intended to, nor shall it be construed, as requiring that Newstone and MGI sell the Property.

7. The 200 Main Objection is hereby withdrawn by the 200 Main Objectors.

\* \* \*

Order Submitted by:

David R. Softness, Esq.
FBN: 0513229
David R. Softness, P.A.
201 South Biscayne Boulevard, Suite 1740
Miami, Florida 33131
Email       david@softnesslaw.com
Tel:        305-341-3111
Counsel for:

Newstone LLC, 200 Main Street Associates LLC, Capstone Properties, Inc.

Service:

Attorney David Softness is directed to serve a conformed copy of this Order on all appropriate parties and file a certificate of service in connection therewith.

4454699-5